IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BROTHER INDUSTRIES, LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EZ REPLACEMENT LABELS, LLC, ) <br> ) <br> Defendant. ) | C.A. No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Brother Industries, Ltd., also known as Brother Kogyo Kabushiki Kaisha ("Plaintiff" or "Brother"), for its Complaint against Defendant EZ Replacement Labels, LLC. ("Defendant" or "EZ" ) hereby alleges as follows:

### The Parties

1. Brother is a corporation duly organized and existing under the laws of Japan. Its principal place of business is located at 15-1 Naeshiro-cho, Mizuho-ku Nagoya-shi, Aichi-ken, Japan 467-8561.

2. Defendant EZ is a limited liability company organized and existing under the laws of Delaware, with its principal place of business located at 271 Waverley Oaks Road, Suite 210, Waltham, Massachusetts 02452. It is in the business of selling the accused compatible label tape cassettes for use in Brother P-Touch printers.

### Jurisdiction and Venue

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over EZ since it is a Delaware limited liability company. Furthermore, this Court has personal jurisdiction over EZ in that it sells or offers to sell the accused compatible label tape cassettes throughout the United States, including this judicial district, and having sold the accused label tape cassettes in this jurisdiction has committed acts within Delaware giving rise to this action and is personally present in Delaware pursuant to the Delaware Long Arm Statute, Del. Code. Ann. Tit. 3, §3104.

5. Venue is proper under 28 U.S.C. §§ 1391(b), (c) and/or (d), and 28 U.S.C. § 1400(b).

### Brother's Patents-In-Suit

6. On March 6, 2012, United States Patent No. RE43,228 ("the '228 patent"), entitled "Tape Cassette For Use With A Printing Device," was duly and legally issued to Brother as assignee of named inventors Koshiro Yamaguchi and Mitsuharu Hattori. A true copy of the '228 patent is attached hereto as Exhibit 1.

7. On December 13, 2011, United States Patent No. RE43,022 ("the '022 patent"), entitled "Tape-Shaped Label Printing Device," was duly and legally issued to Brother as assignee of named inventors Koshiro Yamaguchi and Mitsuharu Hattori  A true copy of the '022 patent is attached hereto as Exhibit 2.

### Defendant's Infringing Activities

8. On information and belief, SK2 Technology, Ltd., a Hong Kong company, manufactures or has manufactured, the accused compatible label tape cassettes and sells them into the United States.

9. On information and belief, SK2 supplies the accused compatible label tape cassettes to Defendant EZ.

10. Defendant EZ has been and continues to be engaged in the business of importing into the United States and offering to sell and selling these compatible label tape cassettes, under the brand name "ez Replacement Labels by SK2 Technology." ("EZ Cassettes"), which EZ Cassettes are covered by one or more claims of each of the '228 patent and the '022 patent.

**First Cause of Action: Infringement of U.S. Patent No. RE43,228**

11. Each and every allegation of paragraphs 1 through 10 of this Complaint are incorporated by reference, as though set forth here in their entirety.

12. Defendant EZ is directly infringing the '228 patent, in violation of 35 U.S.C. § 271(a), including but not limited to Claim 6, by unauthorized importation into the United States, and/or sale and/or offering for sale EZ Cassettes, including without limitation model numbers EZ0901, EZ1201, EZ12202, EZ1801, EZ2401, EZ0904, EZ1205, EZ12206, EZ1803, EZ2404, EZ0905, EZ1207, EZ1804, EZ2405, EZ0906, EZ1208, EZ1805, EZ2406, EZ0908, EZ1210, EZ1807, EZ2408, EZ0909, EZ1211, EZ1808, EZ2409, EZ0910, EZ1212, EZ1809, and EZ2410.

13. By reason of Defendant's infringing activities, Brother has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial.

14. Defendant's acts complained of herein have damaged and will continue to damage Brother irreparably. Brother has no adequate remedy at law for these wrongs and injuries. Brother, therefore, is entitled to preliminary and permanent injunctions restraining and enjoining Defendant from further infringing the claims of the '228 patent.

**Second Cause of Action:  Infringement of U.S. Patent No. RE43,022**

15. Each and every allegation of paragraphs 1 through 14 of this Complaint are incorporated by reference, as though set forth here in their entirety.

16. Defendant EZ is directly infringing the '022 patent, in violation of 35 U.S.C. § 271(a), including but not limited to Claim 23, by unauthorized importation into the United States, and/or sale and/or offering for sale EZ Cassettes, including without limitation model numbers EZ0901, EZ1201, EZ12202, EZ1801, EZ2401, EZ0904, EZ1205, EZ12206, EZ1803, EZ2404, EZ0905, EZ1207, EZ1804, EZ2405, EZ0906, EZ1208, EZ1805, EZ2406, EZ0908, EZ1210, EZ1807, EZ2408, EZ0909, EZ1211, EZ1808, EZ2409, EZ0910, EZ1212, EZ1809, and EZ2410.

17. By reason of Defendant's infringing activities, Brother has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial.

18. Defendant's acts complained of herein have damaged and will continue to damage Brother irreparably. Brother has no adequate remedy at law for these wrongs and injuries. Brother, therefore, is entitled to preliminary and permanent injunctions restraining and enjoining Defendant from further infringing the claims of the '022 patent.

### **Prayer for Relief**

WHEREFORE, Brother respectfully requests the Court to enter judgment as follows:

A. That Defendant has directly infringed each of the '228 patent and the '022 patent;

B. Defendant be ordered to compensate Brother for the damages suffered by Brother caused by Defendant's infringement of the '228 patent and the '022 patent, including, without limitation, Brother's lost profits and/or a reasonable royalty, together with interest thereon.

C. That Defendant and its members, parents, subsidiaries, affiliates, officers, agents, servants, employees, attorneys, successors, and assigns, and all other persons and organizations in active concert or participation with them, be preliminarily and permanently enjoined from further acts of direct infringement of each of the '228 patent and the '022 patent;

    D.    That this case be declared exceptional pursuant to 35 U.S.C. § 285 and that Brother be awarded its reasonable attorneys' fees and costs; and

    E.    That Brother be granted such other relief as the Court deems just and proper.

## Jury Demand

Brother respectfully demands a jury trial as to all issues so triable.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

David Schlitz
William S. Foster, Jr.
Brian Goldberg
BAKER BOTTS L.L.P.
The Warner
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Tel: (202) 639-7800
david.schlitz@bakerbotts.com
william.foster@bakerbotts.com
brian.goldberg@bakerbotts.com

By: */s/ Richard L. Horwitz*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Bindu A. Palapura (#5370)
    Hercules Plaza 6th Floor
    1313 N. Market Street
    Wilmington, DE 19899
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com
    bpalapura@potteranderson.com

*Attorneys for Plaintiff Brother Industries, Ltd.*

Dated: June 18, 2013
1111040 / 40584